UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE SUBPOENA TO META PLATFORMS, INC.,

Case No.  25-mc-80393-SK

**ORDER REGARDING MOTION TO COMPEL**

Regarding Docket No. 1

United States District Court
Northern District of California

This matter comes before the Court upon consideration of the motion to compel filed by Movant Nextstar Media Group ("Nextstar").  Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS IN PART AND DENIES IN PART Nextstar's motion for the reasons set forth below.

**BACKGROUND**

Pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"), Nextstar served a subpoena on Respondent Meta Platforms, Inc. ("Meta") to obtain information it seeks to defend itself in a copyright action pending in the United States District Court for the Northern District of Texas, *Watson Music Group, LLC d/b/a Quadrasound Music v. Nexstar Media Group, Inc.*, Civil Action No. 3:24-cv-03009-D.  Meta is not a party to that action.  After meeting and conferring with Meta, Nextstar agreed to limit the subpoena to the following two categories of documents: (i) documents sufficient to show any license agreement between Watson Music Group, LLC ("Watson") and Meta for "C'Mon N Ride It (The Train)" applicable to Facebook and Instagram, and (ii) documents sufficient to show the characterization (business or personal) of the relevant "@indynowtv" Nexstar social media accounts at the time of a posting on October 11, 2022.  (Dkt. No. 1 at pp. 3, 13.)

**ANALYSIS.**

Rule 45 authorizes the issuance of a subpoena to a nonparty to testify, produce documents or things, or allow the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 incorporates the scope of discovery dictated by Rule 26. *Cabell v. Zorro Prods. Inc., et al.*, 2018 WL 3023343, at *2 (N.D. Cal. June 18, 2018) (citing *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2015)). Accordingly, a party may subpoena "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). On a motion to compel discovery, the moving party must first demonstrate that the information requested is within the scope of permissible discovery. *In re: Subpoena to Apple Inc.*, 2014 WL 2798863, at *2 (N.D. Cal. Jun 19, 2014). The burden then shifts to the party opposing discovery to show "that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information. *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978)). The Ninth Circuit has recognized that "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of the litigation to which they are not a party." *United States v. C.B.S., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982). A court "must quash or modify a subpoena" that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (citation omitted).

**A.      Waiver.**

Rule 45 provides a fourteen-day deadline to serve any written objections to a subpoena. Fed. R. Civ. P. 45(d)(2)(B). Nextstar argues that Meta waived its objections by serving the objections one day late, on November 12, 2025. However, the fourteen-day deadline fell on a legal holiday, Veterans Day. Therefore, Meta's objections were timely. *See* Fed. R. Civ. P. 6(a)(1) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a . . . legal holiday, the period continues to run until the end of the next

day that is not a . . . legal holiday.").

## B.    Historical Account Characterization Data.

Meta argues that the motion to compel is moot as to the documents showing whether the account was characterized as business or personal on October 11, 2022 because Meta agrees to produce such documents. However, because Meta has not yet done so, Nextstar's motion to compel is not yet moot. Because there is no dispute regarding producing this documents, the Court GRANTS Nextstar's motion to compel as to this category of documents.

## C.    Data on the License.

Meta objects to producing documents regarding a license between it and Watson, the plaintiff in the underlying lawsuit, because Nextstar could seek the same documents directly from the party, Watson. "In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (collecting cases). When the requesting party has "not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party." *Id.* Further, "when an opposing party and a non-party both possess documents, the documents should be sought from the party to the case." *Soto*, 282 F.R.D. at 505; *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.") (quashing subpoena to non-party where documents requested were in possession of party); *see also LegalZoom.com v. Rocket Law. Inc.*, 2015 WL 12832823, at *2 (N.D. Cal. Mar. 23, 2015) (denying motion to compel on same ground).

Nextstar argues that it was not required to seek the licensing information from the party, Watson, and that, even if it were to obtain the license or licenses from Watson, Nextstar is entitled to seek the licensing documentation from Meta from comparison sake. Here, Nextstar has not demonstrated that it first tried to seek the license or licenses from Watson. While not an absolute requirement, the Court finds that because the party, Watson, likely possesses the information Nextstar seeks, there is simply no reason to burden non-party Meta. The Court therefore DENIES

United States District Court
Northern District of California

3

the motion to compel as to the licensing documentation.  However, this Order is without prejudice to Nextstar reissuing the subpoena if it can demonstrate that Nextstar was not able to obtain all of the relevant licensing documentation from Watson or if there is some reason to believe Watson's licensing documentation is inaccurate or incomplete.

**D.     Sanctions.**

Nextstar seeks sanctions under Rule 45 and Federal Rule of Civil Procedure 37 for Meta's purported untimely objections and refusal to produce responsive documents.  However, the Cort determined that Meta's objections were not untimely.  In addition, the Court is not granting the motion to compel in full.  Finally, with respect to the documents the Court is compelling, Meta explained that it was difficult to locate the responsive documents.  Therefore, the Court DENIES Nextstar's request for sanctions.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Nexstar's motion to compel.  The Court GRANTS the motion as to the historical account classification and DENIES the motion as to the licensing documentation.  As stated above, this Order is without prejudice to Nextstar reissuing the subpoena to remand on the licensing documentation if Watson's licensing documentation is incomplete or inaccurate.

**IT IS SO ORDERED**.

Dated: January 23, 2026

Sallie Kim
_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

4